**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **TEYLLON SOUZA VIEIRA**     **)**<br>    Petitioner,     **)**<br>    **)**<br>    v.     **)**<br>    **)**<br>**MARY DE-ANDA-YBARRA**, et. al.     **)**<br>    Respondents.     **)**<br>    **)** | Case No. 3:25-cv-00432-DB |

**PETITIONER'S STATUS REPORT REGARDING RESPONDENTS'**

**NONCOMPLIANCE WITH THE COURT'S ORDER**

Petitioner hereby files this Status Report regarding Respondents' noncompliance with the Court's Order and states as follows:

1. On October 16, 2025, this Court issued an Order partially granting Petitioner's Writ of Habeas Corpus to determine that Petitioner should have a hearing before an immigration judge no later than October 30, 2025, at which the government would have to bear the burden of proving, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or release Petitioner from custody.

2. A bond hearing was scheduled at the El Paso Immigration Court on October 21, 2025, at 09:00 a.m. before Immigration Judge Michael S. Pleters. Petitioner was present and represented by Undersigned Counsel, who appeared via videoconference.

3. At the bond hearing, Immigration Judge Pleters stated that he had reviewed this Court's decision, but he believed that this Court could not determine that the Immigration Judge had jurisdiction over Petitioner's bond, and that he remained bound by the Board of

1

Immigration Appeals ("BIA"). He therefore concluded that he still lacked jurisdiction to consider Petitioner's bond.

4. Petitioner, through undersigned counsel, explained that this Court's Order rested—among other grounds—on its interpretation of the governing statute and the Court's conclusion that the BIA's interpretation violated Petitioner's due process rights. Counsel further informed the Immigration Court that the Department of Justice ("DOJ") was a party to the habeas proceedings and that this Court's Order was binding. Finally, Petitioner noted that the Immigration Court had previously held a bond hearing on September 29, 2025, where it declined jurisdiction, and that repeating that outcome would effectively render this Court's Order moot.

5. Despite these arguments, Immigration Judge Pleters reiterated that he lacked jurisdiction to conduct the hearing, that this Court could not give him jurisdiction to determine Petitioner's bond, and consequently denied the bond request on jurisdictional grounds.

6. Accordingly, although Respondents scheduled a bond hearing, they failed to conduct one in compliance with this Court's Order, that is, a hearing in which the Government bears the burden of proving, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention.

7. In light of these circumstances, Petitioner respectfully requests that this Court order Respondents to release him from custody under reasonable conditions of supervision during the pendency of his removal proceedings.

Respectfully submitted,


*/s/ Vinicius Damasceno*

Vinicius Damasceno, Esq.
*Counsel for Petitioner*
Bar No. 706468
Celedon Law PC
277 Main Street, Ste 305
Marlborough, MA 01752
508-573-3170
vinicius@celedonlaw.com

Dated: October 21, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, Vinicius Damasceno, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF), and paper copies will be sent to those indicated as non-registered participants.

Dated: <u>October 21, 2025</u>                 <u>/s/ Vinicius Damasceno</u>
                                             Vinicius Damasceno, Esq.