IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **TEYLLON SOUZA VIEIRA,** § | |
| Petitioner, § | |
| § | |
| v. § | EP-25-CV-00432-DB |
| § | |
| **MARY DE ANDA-YBARRA,** *ICE Field* § | |
| *Director, et al.,* § | |
| Respondents. § | |

## ORDER

On this day, the Court considered the above-captioned case. On October 20, 2025, this Court issued a "Memorandum Opinion and Order," ECF No. 15, granting in part Petitioner Teyllon Souza Vieira's ("Petitioner") "Petition for Writ of Habeas Corpus" ("Petition"), filed on September 29, 2025, ECF No. 1. Therein, this Court asserted jurisdiction over the instant matter, and found Petitioner has established a violation of the Fifth Amendment's Due Process Clause as applied to him. Accordingly, the Court issued the following orders:

**IT IS HEREBY ORDERED** the Petitioner Teyllon Souza Vieira's "Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** Respondents **SHALL PROVIDE** Petitioner with a bond hearing before an immigration judge **no later than October 30, 2025** at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of his removal proceedings.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court when the bond hearing will be held in accordance with the preceding order **no later than October 23, 2025**.

**IT IS FINALLY ORDERED** Respondents **SHALL FILE** an advisory informing the Court, in detail, of the reasons for the IJ's bond hearing decision **no later than November 7, 2025.**

On October 20, 2025, Respondents filed an "Advisory to the Court Regarding Petitioner's Scheduled Bond Hearing," ECF No. 16. Therein, Respondents "file[d] a copy of the Notice of Custody Redetermination in Immigration Proceedings, confirming that Petitioner has been scheduled for a bond hearing before an immigration judge. *See* Exhibit A (Notice of Hearing, redacted)." *Id.* Said hearing did in fact take place on October 21, 2025 at 9:00 a.m. *Id.*

Following this hearing, Petitioner filed a "Status Report Regarding Respondents' Noncompliance with the Court's Order," ECF No. 17. Therein, Petitioner informed the Court that "[a]t the bond hearing, Immigration Judge Pleters stated that he had reviewed this Court's decision, but he believed that this Court could not determine that the Immigration Judge had jurisdiction over Petitioner's bond, and that he remained bound by the Board of Immigration Appeals ("BIA"). He therefore concluded that he still lacked jurisdiction to consider Petitioner's bond," and denied Petitioner's bond request on jurisdictional grounds. *Id.; see* Order Denying Bond, ECF No. 17–1. Petitioner argues that "although Respondents scheduled a bond hearing, they failed to conduct one in compliance with this Court's Order, that is, a hearing in which the Government bears the burden of proving, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention." ECF No. 17 at 2.

The next day, Respondents filed their "Advisory to the Court Regarding Petitioner's Release from Detention," ECF No. 18, advising the Court that "Petitioner is currently being processed to be released from custody. Respondent's notified opposing counsel of the same via

email earlier today." *Id.* Finally, on October 23, 2025, Respondents filed an advisory, ECF No. 19, informing the court that Petitioner has been released from custody[1] in compliance with this Court's order, ECF No. 15.

Accordingly, the Court **ORDERS** that the parties shall confer and **FILE** a notice informing the Court whether any matters remain to be resolved in this case by **no later than October 29, 2025.**

**SIGNED** this **23rd** day of **October 2025**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] *See* Exh. A, ECF No. 19-1.